UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DAVID L. JUMP | CIVIL ACTION NO. 01-2039 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| RORY S. MCFARLAND, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Dennis Joslin Company LLC's ("Joslin") Motion for Final Judgment or, in the Alternative, Re-Certification under Rule 54(b) Motion, and Motion to Strike Affirmative Defenses. See Record Document 181. Rory S. McFarland joined in Joslin's motion. See Record Document 189.

Chevron U.S.A., Inc. ("Chevron"), who has filed an interpleader, opposed the motion on limited procedural grounds. See Record Document 186.[1] David L. Jump ("Jump") and American Milling, LP ("American Milling") also opposed the motion. See Record Document 188.

This Court previously certified two orders pursuant to Rule 54(b). See Record Document 122. On January 16, 2008, the Fifth Circuit held that the 2003 and 2004 orders were not properly certified under Rule 54(b) and the appeal was dismissed for lack of jurisdiction. See Record Document 153. The Fifth Circuit reasoned:

> Joslin's third-party claim alleged that the sale of OCS-310 to Jump was null and void. Joslin requested an unraveling of the sale, as well as disgorgement of any proceeds Jump had already collected. Although Joslin asserts that he is entitled to multiple forms of relief, he has only asserted one claim. The 2003 order addressed part of Joslin's claim by declaring that the

---

[1] Chevron "prays that the Joslin Motion should be denied to the extent it seeks this Court's entry of any final judgment or final order that would not fully adjudicate the Substantive Dispute as to all possible claimants without an appropriate Rule 54(b) certification." Record Document 186 at 4.

> sale of OCS-310 was null and void. But the order did not address Joslin's request for disgorgement. In other words, the 2003 order did not dispose of the entirety of Joslin's claim, because it did not address Joslin's request for the recovery of the funds allegedly improperly distributed to Jump. Since only a "fully adjudicated whole claim" can be certified under Rule 54(b), the district court abused its discretion in certifying the order as final.
>
> The 2004 order suffers from the same deficiency. . . . In the absence of any dispositive order or amended pleading, the request for disgorgement was still technically a part of his live complaint when the district court certified the 2004 order. Therefore, the 2004 order, like the 2003 order, does not dispose of the entirety of any single claim, and it should not have been certified under rule 54(b).

Id. at 6-7.

On June 12, 2013, Joslin filed a Second Supplemental and Amending Complaint. See Record Document 173. Joslin waived the request for disgorgement of funds received by Jump. See id. Thus, Joslin contends that "as stated by the Fifth Circuit in McFarland III this court can now certify under Rule 54(b) the 2003 Nullity order and the 2004 Valid Mortgage order with the assurance of the Fifth Circuit that this is proper." Record Document 181-1 at 10. This Court agrees.

Jump and American Milling contend that an additional prayer for relief set forth in the Second Supplemental and Amending Complaint makes certification under Rule 54(b) improper. See Record Document 188. The prayer reads as follows:

> Dennis Joslin Company, L.L.C. further prays that all of the moneys accumulated and to be accumulated in the court clerk's account related to OCS Lease 310 be distributed to Dennis Joslin Company, L.L.C. or as requested by Dennis Joslin Company, L.L.C.

Record Document 173 at ¶ 3. The Court does not believe this to be a new *claim* for relief. Additionally, the Court finds that this issue was addressed in the 2004 order.[2]

---

[2]For this reason, the Court also **GRANTS** Joslin's Motion to Strike Affirmative Defenses. The affirmative defenses asserted by Jump and American Milling are hereby

On July 2, 2004 Joslin filed a "Motion For Order to Distribute OCS-310 Runs to Joslin." See Record Document 81. This motion was decided by the August 27, 2004 Order, wherein the Court decreed:

> Joslin hold a valid mortgage and valid seizure of the runs and minerals of federal lease OCS-310;
> Jump does not have a lien of any kind on the runs or mineral of federal lease OCS-310;
> Other than Joslin, no person (including an individual, corporation, partnership, trust or other entity) has a lien of any kind on the runs or minerals of federal lease OCS-310.

Record Document 94. The Clerk of Court was ordered to withhold distribution of any funds until further order of the court. See id. The Court stated that it would address distribution of funds after all applicable appeals delays ran and no appeals had been taken. See id.

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." Based on the foregoing analysis, this Court believes it is now proper for the 2003 and 2004 orders (Record Documents 74 & 94) to be certified pursuant to Rule 54(b) because Joslin's third-party claim is now a "fully adjudicated whole claim" and there is no just reason to delay the appeal.

Accordingly,

**IT IS ORDERED** that Joslin's Alternative Motion for Re-Certification under Rule 54(b) Motion and to Strike Affirmative Defenses (Record Document 181) be and is hereby **GRANTED**.

---

stricken, as the Second Supplemental and Amending Complaint waived the request for disgorgement and asserted no new claims.

**IT IS FURTHER ORDERED** that the Court's July 30, 2003 Order (Record Document 74) and August 27, 2004 Order (Record Document 94) be and are hereby entered as final judgments pursuant to Rule 54(b).

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 4th day of April, 2014.

*[signature]*

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE