UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DAVID L. JUMP | CIVIL ACTION NO. 01-2039 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| RORY S. MCFARLAND, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Magistrate Appeal filed by Dennis Joslin Company, LLC ("Joslin"). See Record Document 258. Joslin appeals Magistrate Judge Mark Hornsby's order entered on March 16, 2015. See Record Document 254. More specifically, Joslin moves the Court (1) to alter or amend such order pursuant to Federal Rule of Civil Procedure 59; and (2) to declare the order void or vacated because the court lacked jurisdiction to enter the order. See id.

Cynthia T. Kennedy, as special administrator of the estate of Rory Scott McFarland, responded to Joslin's Magistrate Appeal. See Record Document 260. David L. Jump ("Jump") and American Milling, LP ("American Milling") opposed the Magistrate Appeal. See Record Document 261.

The decisions made by Magistrate Judge Hornsby in the March 16, 2015 order are non-dispositive matters. The actions are not listed in 28 U.S.C. § 636(b)(1)(A) as dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. Magistrate Judge Hornsby's order is not a recommendation to the district court; rather, it is an order from the magistrate judge on non-dispositive matters that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385

(5th Cir. 1995); Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir.1992). This Court will review the Magistrate Judge's legal conclusions de novo, and will review his factual findings for clear error. See Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D.Tex. May 5, 2005).

To begin its analysis, this Court must first start with the Fifth Circuit's opinion of December 22, 2014. See Record Document 198. The Fifth Circuit held that this Court improperly certified two orders as final pursuant to Rule 54(b) and dismissed the appeal without prejudice for lack of appellate jurisdiction. See id. at 4. The Fifth Circuit reasoned:

> On June 12, 2013, Joslin amended its complaint. In response to our court's 2008 opinion, it deleted the original prayer for relief requiring Jump to "return to the registry of the court all sums which they have received pursuant to and as a result of, disbursements from the property." It also added a new prayer for relief requiring that "all of the moneys accumulated and to be accumulated in the court clerk's account related to OCS Lease 310 be distributed to [Joslin]." Joslin then moved to recertify the 2003 and 2004 orders as final judgments pursuant to Rule 54(b).
>
> The district court granted the motion, concluding that the additional prayer for relief is not a "new claim for relief." It also held that, in any event, the "issue was addressed in the 2004 order," which had declared that Joslin was the only individual with any lien on the "runs or minerals of federal lease OCS-320." . . .
>
> . . .
>
> Here, Joslin's amended complaint requests an unravelling of the sale of OCS-310 as well as, pending amendment, the distribution of all funds related to that lease and held in the court clerk's account to Joslin. Neither the 2003 order, which addressed the interest in the lease, nor the 2004 order, which decreed that Joslin was the only party to have a lien on the OCS-310 lease and ordered that Chevron U.S.A., Inc. ("Chevron"), a third-party, deposit the current and future proceeds of the lease into court clerk's account, directly addressed the question of disbursement of proceeds. Nor did the district court do so via its 2014 order, which re-certified – but did not amend – the original 2003 and 2004 orders dictate the disbursement of the lease funds. As a result, we are essentially in the same position as in 2008, where: "[t]he 2003 order addressed part of Joslin's claim by declaring that the

> sale of COS-310 was null and void. But the order did not address Joslin's request for disgorgement. In other words, the 2003 order did not dispose of the entirety of Joslin's claim, because it did not address Joslin's request for the recovery of the funds allegedly improperly distributed to Jump." Here, the district court has yet to address Joslin's request for disbursement of funds, and Joslin's claim is incomplete.
>
> Even were we to construe the 2003 and 2004 orders as completely disposing of Joslin's claim, Rule 54(b) certification would be inappropriate. Here, as the district court noted in a separate order, there are at least eight interpleaded defendants who claim proceeds from the lease under various legal theories. Moreover, the district court had previously ordered that "the Clerk of Court shall deduct and disburse to Chevron from the funds deposited in the registry to the Court, and prior to the disbursement of the funds to this prevailing party or parties in this action, such attorney fees and costs, if any, awarded by this Court to Chevron in response to its motion [for appropriate attorney fees and costs]." This order would conflict with a ruling that funds from that account be distributed exclusively to Joslin. We have previously held that certification of a Rule 54(b) motion is inappropriate where it might prejudice a party, or where it fails to "take into account judicial administrative interests." Here, both concerns counsel against certification.

Id. at 6-8. This Court viewed the Fifth Circuit's December 2014 opinion as a remand for the purpose of resolving the claims of all interested parties and entering a final, appealable judgment. See Record Document 254. Magistrate Judge Hornsby held a telephone status conference on March 16, 2015 to "develop a procedure by which the court can determine the rightful claimant(s) of the mineral lease proceeds being deposited into the registry of the court." Id. at 1. Counsel for Joslin objected to the court's procedure "because he believe[d] that a final judgment ha[d] been issued, the case [was] over, and Joslin [was] entitled to disbursement of the funds." Id. Magistrate Judge Hornsby noted Joslin's objections, but overruled them. See id. at 2.[1] Magistrate Judge Hornsby then entered an

---

[1] Magistrate Judge Hornsby also terminated Joslin's Motion for Disbursement as premature, holding "[c]onsistent with the Fifth Circuit's remand, the court will not be in a position to disburse funds to Joslin or any other party until the court considers and rules on all parties' arguments regarding their entitlement to the funds." Record Document 254 at

order allowing "a brief period of time for amendment (clean up) of claims and defenses; a brief period of time for written discovery . . . ; and the filing of cross-motions for summary judgment." Id. Joslin timely appealed Magistrate Judge Hornsby's order of March 16, 2015 and the matter is now before the Court. See Record Document 258. The scheduling order deadlines as set forth in the March 16, 2015 order were upset during the pendency of the instant appeal. See Record Document 271.

> In his appeal, Joslin once again argues that this case is over:
>
> The Fifth Circuit order . . . dismissed Jump's appeal without prejudice for lack of jurisdiction. On its return to the district court, the case was over. Now all that is left for this court to do, and all that this court has jurisdiction to do, is to distribute the money to Joslin.

Record Document 262 at 3. Like Magistrate Judge Hornsby, the undersigned disagrees. The Court has twice certified two orders in this case as final pursuant to Rule 54(b) and twice the Fifth Circuit has held such certification was improper. In the December 2014 opinion, the Fifth Circuit specifically held that this Court has not addressed Joslin's request for the recovery of funds allegedly improperly distributed to Jump: "the district court has yet to address Joslin's request for *disbursement* of funds, and Joslin's claim is incomplete." Record Document 198 at 5-6. Moreover, the Fifth Circuit noted that there are at least eight interpleaded defendant who claim proceeds. See id. at 8. Thus, it is clear that this case is not over. This Court believes there are pending claims to be resolved, more specifically the determination of the rightful claimant(s) of the mineral lease proceeds being deposited into the registry of the court. Thus, Joslin's contentions that this case is over and/or that Magistrate Judge Hornsby lacked jurisdiction to enter the March 2015 order are without

---

3.

merit. Magistrate Judge Hornsby's findings in his order of March 16, 2015 are neither clearly erroneous nor contrary to law.

Accordingly,

**IT IS ORDERED** that the Magistrate Appeal (Record Document 258) filed by Joslin be and is hereby **DENIED** and Magistrate Judge Hornsby's order (Record Document 254) entered on March 16, 2015 be and is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that this matter is referred to Magistrate Judge Hornsby for entry of new scheduling order deadlines.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 15th day of March, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE