# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| DAVID L. JUMP | CIVIL ACTION NO. 01-2039 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| RORY SCOTT MCFARLAND, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a "Motion of Joslin to Challenge Jurisdiction and Motion on Remand to Dismiss Jump's Collection Action *Jump v. McFarland*, to Dismiss Jump's Intervention in *FDIC v. McFarland*, and for a Declaration that Jump's OCS-310 Foreclosure is Void" (Record Document 278) filed by Dennis Joslin Company, LLC ("Joslin"). In support of the motion, Joslin relies heavily upon the Fifth Circuit's 2001 decision in <u>FDIC v. McFarland</u>, 243 F.3d 876 (5th Cir. 2001), and argues that further action by this Court in the instant matter is contrary to the Fifth Circuit's mandate. Joslin challenges the Court's jurisdiction and seeks the following relief: (1) dismissal of David L. Jump and American Milling's (collectively "Jump") 1992 failed registration of a non-final Colorado judgment; (2) dismissal of Jump's intervention in <u>FDIC v. McFarland</u>, Civil Action No. 91-2351; and (3) a declaration that Jump's 1995 foreclosure of OCS-310 is void. <u>See</u> Record Document 278 at 2. In sum, Joslin moves the Court "to proceed in a practical and pragmatic way to remove Jump from any and all involvement in the collection and enjoyment of [Rory] McFarland's Louisiana assets." <u>Id.</u>

Intervenor Chevron U.S.A., Inc. ("Chevron") filed a limited opposition to the instant motion. See Record Document 280. Both the Estate of Rory McFarland ("McFarland") and Jump opposed the instant motion. See Record Documents 281 & 282. Chevron, McFarland, and Jump all agree that dismissal is improper, namely because a disbursement of funds is required and interpleader claims remain unresolved. Chevron, McFarland, and Jump also all believe this Court maintains jurisdiction to usher this seventeen year old case to its closure.

Joslin's legal arguments set forth in the instant motion are at best vague. The Court views the motion as Joslin's latest attempt to end this case and receive a disbursement of funds. The motion to remand and for dismissal must be denied, as interpleader claims remain unresolved and there are still outstanding issues regarding Joslin's lien and entitlement to funds and residual interest. Simply put, no final judgment disposing of all of the claims of all parties has been entered. Moreover, as noted by the Court in its March 2016 Memorandum Order (Record Document 272), Joslin's contentions that this Court lacks jurisdiction are wholly without merit. The same is true for Joslin's assertion that the 2001 Fifth Circuit opinion forecloses any future action in this matter. Joslin's motion (Record Document 278) lacks merit and is hereby **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 16th day of March, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT