**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| DAVID L. JUMP | CIVIL ACTION NO. 01-2039 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| RORY S. MCFARLAND, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment filed by the Estate of Rory S. McFarland ("McFarland"). See Record Document 284. Pursuant to Federal Rule of Civil Procedure 56, McFarland seeks summary judgment against David Jump ("Jump"), American Milling, LP ("American Milling"), and Dennis Joslin Co, LLC ("Joslin") and asks the Court to declare:

1. That McFarland is a beneficiary of the nullity order which was already entered on partial summary judgment in this case; or, in the alternative, to nullify the marshal's sale of McFarland's property;

2. That the Joslin lien was not perfected until April 2, 2004 and did not attach to the first $277,774.68 of funds deposited into the court registry entitling the McFarland Estate to those proceeds with interest; and

3. That the McFarland Estate is entitled to a credit of $800,000 against monies due Joslin as the agreed upon value of assigning the State Leases.

Id. at 1. Based on Joslin's refusal to disclose or account for the amount of its lien in this case and refusal to obey Court orders, McFarland also asks that Joslin be denied any claim of deficiency after receipt of the proceeds/funds in the registry of the Court. See id. at 1, 5.

Joslin responded to the Motion for Summary Judgment and asked this Court to dismiss Jump and American Milling and to deny McFarland's Motion for Summary

Judgment. See Record Document 287.[1] More specifically, Joslin argues there is no factual or legal basis to support McFarland's claims against Joslin as stated in the Motion for Summary Judgment. See id. at 2-3. Jump and American Milling also opposed McFarland's Motion for Summary Judgment. See Record Document 291.

For the reasons set forth below, the instant Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**.

I. **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This 17-year-old case is part of a longstanding dispute about production proceeds from an offshore oil and gas lease (OCS Lease 310). Joslin, Jump and American Milling, and McFarland all assert claims to the OCS Lease 310 funds held in the registry of this Court.

As previously done in many of its prior rulings, this Court will begin with the Fifth Circuit's opinion of December 22, 2014. See Record Document 198. The Fifth Circuit held that this Court improperly certified two orders as final pursuant to Rule 54(b) and dismissed the appeal without prejudice for lack of appellate jurisdiction. See id. at 4. The Fifth Circuit reasoned:

> On June 12, 2013, Joslin amended its complaint. In response to our court's 2008 opinion, it deleted the original prayer for relief requiring Jump to "return to the registry of the court all sums which they have received pursuant to and as a result of, disbursements from the property." It also added a new prayer for relief requiring that "all of the moneys accumulated and to be accumulated in the court clerk's account related to OCS Lease 310 be distributed to [Joslin]." Joslin then moved to recertify the 2003 and 2004

---

[1] Within its opposition, Joslin incorporated its Motion to Dismiss (Record Document 278) Jump and American Milling. Such motion has been denied by this Court. See Record Document 301. Thus, Joslin's response is simply an opposition to the pending motion for summary judgment.

orders as final judgments pursuant to Rule 54(b).

The district court granted the motion, concluding that the additional prayer for relief is not a "new claim for relief." It also held that, in any event, the "issue was addressed in the 2004 order," which had declared that Joslin was the only individual with any lien on the "runs or minerals of federal lease OCS-320." . . .

. . .

Here, Joslin's amended complaint requests an unravelling of the sale of OCS-310 as well as, pending amendment, the distribution of all funds related to that lease and held in the court clerk's account to Joslin. Neither the 2003 order, which addressed the interest in the lease, nor the 2004 order, which decreed that Joslin was the only party to have a lien on the OCS-310 lease and ordered that Chevron U.S.A., Inc. ("Chevron"), a third-party, deposit the current and future proceeds of the lease into court clerk's account, directly addressed the question of disbursement of proceeds. Nor did the district court do so via its 2014 order, which re-certified – but did not amend – the original 2003 and 2004 orders dictate the disbursement of the lease funds. As a result, we are essentially in the same position as in 2008, where: "[t]he 2003 order addressed part of Joslin's claim by declaring that the sale of COS-310 was null and void. But the order did not address Joslin's request for disgorgement. In other words, the 2003 order did not dispose of the entirety of Joslin's claim, because it did not address Joslin's request for the recovery of the funds allegedly improperly distributed to Jump." Here, the district court has yet to address Joslin's request for disbursement of funds, and Joslin's claim is incomplete.

Even were we to construe the 2003 and 2004 orders as completely disposing of Joslin's claim, Rule 54(b) certification would be inappropriate. Here, as the district court noted in a separate order, there are at least eight interpleaded defendants who claim proceeds from the lease under various legal theories. Moreover, the district court had previously ordered that "the Clerk of Court shall deduct and disburse to Chevron from the funds deposited in the registry to the Court, and prior to the disbursement of the funds to this prevailing party or parties in this action, such attorney fees and costs, if any, awarded by this Court to Chevron in response to its motion [for appropriate attorney fees and costs]." This order would conflict with a ruling that funds from that account be distributed exclusively to Joslin. We have previously held that certification of a Rule 54(b) motion is inappropriate where it might prejudice a party, or where it fails to "take into account judicial administrative interests." Here, both concerns counsel against certification.

Id. at 6-8. This Court viewed the Fifth Circuit's December 2014 opinion as a remand for

the purpose of resolving the claims of all interested parties and entering a final, appealable judgment. See Record Document 254. Magistrate Judge Hornsby held a telephone status conference on March 16, 2015 to "develop a procedure by which the court can determine the rightful claimant(s) of the mineral lease proceeds being deposited into the registry of the court." Id. at 1. Counsel for Joslin objected to the court's procedure "because he believe[d] that a final judgment ha[d] been issued, the case [was] over, and Joslin [was] entitled to disbursement of the funds." Id. Magistrate Judge Hornsby noted Joslin's objections, but overruled them. See id. at 2.[2] Magistrate Judge Hornsby then entered an order allowing "a brief period of time for amendment (clean up) of claims and defenses; a brief period of time for written discovery . . . ; and the filing of cross-motions for summary judgment." Id. Magistrate Judge Hornsby also granted a Motion to Compel filed by Jump and American Milling and ordered Joslin "to provide meaningful discovery responses within 30 days." Id. at 4. Joslin timely appealed Magistrate Judge Hornsby's order of March 16, 2015. See Record Document 258.

In April 2015, Joslin moved the Court to stay the March 16, 2015 Minute Entry Order granting the Motion to Compel. See Record Document 263. The request for stay was based on Joslin's appeal of Magistrate Judge Hornsby's order. See id. Magistrate Judge Hornsby granted the motion as follows:

> Joslin is granted an extension to respond to the outstanding discovery until 14 days after Judge Hicks rules on the appeal of the undersigned's order.

---

[2]Magistrate Judge Hornsby also terminated Joslin's Motion for Disbursement as premature, holding "[c]onsistent with the Fifth Circuit's remand, the court will not be in a position to disburse funds to Joslin or any other party until the court considers and rules on all parties' arguments regarding their entitlement to the funds." Record Document 254 at 3.

Record Document 265.

In his Magistrate Appeal, Joslin argued the case was over and "all that [was] left for this court to do, and all that this court [had] jurisdiction to do, [was] to distribute the money to Joslin." Record Document 262 at 3. This Court disagreed, holding:

> The Court has twice certified two orders in this case as final pursuant to Rule 54(b) and twice the Fifth Circuit has held such certification was improper. In the December 2014 opinion, the Fifth Circuit specifically held that this Court has not addressed Joslin's request for the recovery of funds allegedly improperly distributed to Jump: "the district court has yet to address Joslin's request for *disbursement* of funds, and Joslin's claim is incomplete." Record Document 198 at 5-6. Moreover, the Fifth Circuit noted that there are at least eight interpleaded defendant who claim proceeds. See id. at 8. Thus, it is clear that this case is not over. This Court believes there are pending claims to be resolved, more specifically the determination of the rightful claimant(s) of the mineral lease proceeds being deposited into the registry of the court.

Record Document 272 at 4. Thus, on March 15, 2016, this Court affirmed Magistrate Judge Hornsby's order and the case was to proceed with scheduling. See id.[3] On April 12, 2016, the Court entered a Scheduling Order setting deadlines for discovery, a settlement conference or mediation, and motions or cross-motions for summary judgment. See Record Document 275.

On April 22, 2016, Joslin filed a "Motion of Joslin to Challenge Jurisdiction and Motion on Remand to Dismiss Jump's Collection Action *Jump v. McFarland*, to Dismiss Jump's Intervention in *FDIC v. McFarland*, and for a Declaration that Jump's OCS-310 Foreclosure is Void." See Record Document 278. This Court denied the motion, finding the motion to be Joslin's latest attempt to end the case and receive a disbursement

---

[3]Based on the previous orders, Joslin's discovery responses were now due 14 days after March 15, 2016, that is, March 29, 2016.

of funds. See Record Document 301.

The only pending motion that remains is the instant Motion for Summary Judgment (Record Document 284) filed by McFarland. The Court will now proceed to its analysis of such motion.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "A genuine [dispute] of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 728. During this stage, courts must look to the substantive law underlying the lawsuit in order to identify "which facts are material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

"Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). The court is to view "the facts and inferences to be drawn therefrom in the light

most favorable to the non-moving party." Tubos de Acero de Mexico, S.A. v. Am. Int'l Inv. Corp., Inc., 292 F.3d 471, 478 (5th Cir. 2002); see also Harris v. Serpas, 745 F.3d 767, 771 (5th Cir. 2014). Yet, a nonmovant cannot meet the burden of proving that a genuine dispute of material fact exists by providing only "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The court should not, in the absence of any proof, presume that the nonmoving party could or would prove the necessary facts. See Little, 37 F.3d at 1075.

**B.     Analysis.**

McFarland claims to be a beneficiary of the nullity order entered on partial summary judgment in this case. See Record Document 284-1 at 1-9.[4] This Court finds McFarland's argument ambiguous at best. He maintains that "the Jump Judgment was properly declared void, the marshal's sale was properly annulled, and Rory McFarland'[s] Estate, as the judgment debtor and owner, is the proper beneficiary of the nullity orders." Id. at 5. McFarland's motion and memorandum in support thereof are conclusory. While he cites to case law, this Court is unable to discern how the cited cases provide the legal basis for the relief sought by McFarland. For instance, McFarland cites cases discussing claim

---

[4]McFarland appears to be referencing Judge Tom Stagg's Memorandum Ruling and Order of July 30, 2003. See Record Documents 73 & 74. Both the Memorandum Ruling and Order were entered in the instant case and in Civil Action No. 91-2351 (FDIC v. McFarland, et al.).

preclusion/*res judicata* to support his contention that he is a beneficiary of the 2003 partial summary judgment order. Yet, even if this Court were convinced that the general legal concept of *res judicata* applied in this case, McFarland has not shown identical parties and/or the same claims or causes of action. See Record Document 291 at 2-3. McFarland has failed to point to competent summary judgment evidence to support his request and the Court cannot understand how, especially in light of the Fifth Circuit's directive that there is no final judgment in this case, McFarland is entitled to the relief sought by virtue of a non-final, partial summary judgment rendered in favor of a third party.

Alternatively, McFarland seeks to nullify the marshal's sale as to his interest in the OCS 310 Lease. The marshal's sale at issue took place in January 1996. McFarland filed the instant motion in late 2016, twenty years after the marshal's sale. In response to McFarland's motion, Jump and American Milling pointed the Court to two applicable Louisiana statutes: La. R.S. 9:5622 and La. R.S. 9:5642. Section 5622 provides a two year prescriptive period for claims arising out of "informalities of legal procedure connected with or growing out of any sale at public auction or at private sale of real or personal property made by any sheriff of the Parishes of this State, licensed auctioneer, or other persons authorized by an order of the courts of this State." La. R.S. 9:5622. Under Section 5642, "actions to set aside sheriffs' deeds are prescribed by five years, reckoning from their date." La. R.S. 9:5642. Thus, under either statute, McFarland's alternative claim to nullify the marshal's sale as to his interest in the OCS 310 Lease could not survive a prescription defense. McFarland counters this result by arguing that "the validity of the registration is a matter of federal law (11 U.S.C. § 1963)." Record Document 293 at 9. McFarland mistakenly refers to Title 11, when in fact the correct statute is 28 U.S.C. § 1963

(Registration of Judgments for Enforcement in Other Districts); yet, he has not addressed how Section 1963 would displace the general rule that the applicable limitations period are borrowed from state law.[5] Moreover, Federal Rule of Civil Procedure 69 provides that procedures for execution of judgment "must accord with the procedure of the state where the court is located." F.R.C.P. 69(a). Thus, at this stage and based on the current record before this Court, summary judgment in favor of McFarland on his alternative basis is not appropriate.

McFarland next argues that the Joslin lien was not perfected until April 2, 2004 and did not attach to the first $277,774.68 of funds deposited into the court registry, thereby entitling the McFarland Estate to those proceeds with interest. McFarland also contends that the McFarland Estate is entitled to a credit of $800,000 against monies due Joslin as the agreed upon value of assigning the State Leases. McFarland seeks summary judgment on these two issues based on Joslin's failure to respond to requests for admissions.

On April 6, 2015, McFarland propounded discovery on Joslin. See Record Document 284-2. Such request for admissions included the following:

**Request for Admission 3:**

Admit that neither the FDIC nor Joslin purported to seize the runs of OSC-310 [sic] until April 2, 2004.

---

[5] In the 2003 Memorandum Ruling, Judge Stagg addressed Jump's contention that Joslin's claims had prescribed. See Record Document 73 at 9. Judge Stagg referenced both Sections 5622 and 5642. See id. However, the Court held that Joslin was entitled to the lengthier six-year statute of limitations set forth in 12 U.S.C. § 1821(d)(4). See id. at 9-11. McFarland has made no such argument here and has failed to point the Court to any applicable federal statute of limitations.

**Request for Admission 4:**

Admit that $277,774.68 in the runs of OCS-310 had been suspended by Texaco and accumulated prior to the April 2, 2004 seizure.

**Request for Admission 5:**

Admit that $277,774.68 of the funds interpled into the registry of the Court in this action constitute the pre-seizure runs.

**Request for Admission 6:**

Admit McFarland, as the title owner of OCS-310 is entitled to the first $277,774.68 of funds in the registry of the account, plus interest.

**Request for Admission 7:**

Admit that, in the McFarland Bankruptcy a deal was agreed to by and between McFarland and Joslin (Joslin as the holder of the "Secured Debt") with the following essential terms:

. . .

(e) **Remaining Secured Debt.** The Secured Debt of this creditor will be further reduced by $800,000 [with an estimated remaining debt of approximately $2,000,000], which will continue to be secured by OCS-310 and its runs;

. . .

**Request for Admission 8:**

Admit that Joslin agreed to the terms set forth in Admission #6. . . . . .

**Request for Admission 9:**

Admit that the parties agreed to proceed with the agreement after the dismissal of the McFarland 2008 Bankruptcy.

Id. at 6-8. Joslin does not contest that it has not responded to the discovery requests. See Record Document 287. Rather, Joslin has submitted the October 17, 2016, affidavit of its attorney, Edward K. White, III, stating:

> McFarland's claim that Joslin's failure to respond to his discovery requests is sanction worthy. The discovery requests have been suspended. Joslin has not refused to answer the discovery, answers are not yet due.

Record Document 287-2 at 1.

As previously noted in the Relevant and Factual Procedural Background section of the instant ruling, discovery was never stayed in this matter. Instead, Magistrate Judge Hornsby granted Joslin an extension to respond to the outstanding discovery until 14 days after this Court's ruling on the Magistrate Appeal. See Record Document 265. The ruling was issued on March 15, 2016; thus, Joslin's discovery responses were due 14 days after March 15, 2016, that is, March 29, 2016. See Record Document 272. Joslin did not respond the discovery at issue by March 29, 2016. Additionally, during an April 2016 conference, Magistrate Judge Hornsby set an August 1, 2016 "deadline for the parties to complete all discovery." Record Document 275. Joslin did not respond to the outstanding discovery by this deadline.

> Federal Rule of Civil Procedure 36(a)(3) provides:
>
> Time to Respond; Effect of Not Responding. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Here, the Request for Admissions 3-9 have gone unanswered and are hereby deemed admitted.[6] Such admission renders summary judgment in favor of McFarland appropriate

---

[6] Rule 36(a)(1) provides that "a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

(A)  facts, the application of law to fact, or opinions about either; and
(B)  the genuineness of any described documents.

as to the following: (1) the Joslin lien was not perfected until April 2, 2004 and did not attach to the first $277,774.68 of funds deposited into the court registry, thereby entitling the McFarland Estate to those proceeds with interest; and (2) the McFarland Estate is entitled to a credit of $800,000 against monies due Joslin as the agreed upon value of assigning the State Leases.

Finally, McFarland also asks that based on Joslin's refusal to disclose or account for the amount of its lien in this case, and refusal to obey Court orders that Joslin be denied any claim of deficiency after receipt of the proceeds/funds in the registry of the Court. See id. at 1, 5. This request is based on Joslin's failure to answer written discovery, as discussed above, and also relates to Joslin's unexplained refusal to participate in a settlement conference. See Record Document 284-1 at 10-11.

As part of the April 2016 Scheduling Order, Magistrate Judge Hornsby set September 1, 2016 as the deadline for the parties to participate in a settlement conference or mediation. See Record Document 275. On August 30, 2016, counsel for McFarland filed a Notice of Attempt to Comply explaining to the Court that counsel for Joslin and counsel for Jump and American Milling had not been responsive to her requests to schedule a settlement conference or mediation. See Record Document 283. Pursuant to Federal Rule of Civil Procedure 16(f)(1)(C),[7] McFarland now seeks sanctions against

---

F.R.C.P. 36(a)(1). Here, Joslin has not raised the issue of whether any matters set forth in Request for Admissions 3-9 go beyond the scope of Rule 36(a)(1). The Court limits its ruling to matters that are factual in nature and/or matters within the scope of Rule 36(a)(1).

[7]Rule 16(f) provides:

(1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a

Joslin, namely "to deny Joslin any claim to a deficiency after receiving the amounts in the registry of the Court (minus the $280,000), with the residual ownership of the OCS-310 devolving to the McFarland Estate."

The Court hereby denies McFarland's request for sanctions under Rule 16(f) at the summary judgment stage. However, such denial is without prejudice to be reurged at a later date. All counsel of record shall be prepared to provide justification for the failure to comply with the Court's order to participate in a settlement conference or mediation. Moreover, counsel are given notice that the Court will reimpose this same requirement.

### III. CONCLUSION

Based on the foregoing, the Court **denies** summary judgment as to McFarland's request that (1) he be declared a beneficiary of the nullity order which was already entered on partial summary judgment in this case; and (2) the Court nullify the marshal's sale of his property. The Court likewise **denies** summary judgment as to McFarland's request that, based on Joslin's refusal to disclose or account for the amount of its lien in this case and refusal to obey Court orders, Joslin be denied any claim of deficiency after receipt of the proceeds/funds in the registry of the Court. Because Joslin failed to answer Requests for Admission and such matters have been deemed admitted, the Court **grants** summary judgment as to the following: (1) the Joslin lien was not perfected until April 2, 2004 and did not attach to the first $277,774.68 of funds deposited into the court registry entitling the

---

party or its attorney:

. . .

(C)   fails to obey a scheduling or other pretrial order.

McFarland Estate to those proceeds with interest; and (2) the McFarland Estate is entitled to a credit of $800,000 against monies due Joslin as the agreed upon value of assigning the State Leases.

This matter is referred to the Magistrate Judge for the purpose of conducting a scheduling conference, to include a new compliance deadline for mandatory participation in mediation. It is this Court's intent that this matter be mediated to its conclusion.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 28th day of September, 2018.

/S. Maurice Hicks/
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT